IN THE MATTER OF WILLIAM J. BAKER, AN ATTORNEY-AT-LAW.

Argued October 31 and November 7, 1955 and February 6, 1956—Decided February 20, 1956.

For the order: *Mr. James A. Major.*

For the respondent: *Mr. William J. Baker, in propria persona.*

PER CURIAM. The Ethics and Grievance Committee of Bergen County filed two presentments in each of which they charged the respondent William J. Baker with unethical conduct requiring disciplinary action.

In the first case the finding was that Johannes Mosin, who retained respondent to represent him in proceedings resulting from an automobile accident, entrusted the respondent with the sum of $585 which was to be deposited with the Division of Motor Vehicles of the State of New Jersey as security to cover any judgments arising out of the said accident. The money was not deposited with the Division and the committee found that respondent converted it to his own use. On two occasions he forwarded checks to the Division but both were dishonored because of insufficient funds. Because of the failure to make the required deposit Mosin's registration and driving license were revoked.

The version of the respondent was that when he received the money from Mosin one John J. Astore was in his office and volunteered to transmit the deposit to the Division of Motor Vehicles in Trenton and that Astore appropriated the funds. Astore did not testify at the original hearing.

On the return of an order to show cause this matter was argued on October 31, 1955, at which time the respondent took the position that he should be given an opportunity to produce Astore as a witness and that Astore would confirm his statements.

The court directed that at the next regular meeting of the ethics committee to be held on November 18, 1955 the respondent be permitted to offer Astore as a witness and to testify further himself. At this hearing Astore was not produced and the statement was made by the respondent that he refused to attend and testify for the reason that his testimony would incriminate himself. Respondent did not request that a subpoena be issued to compel the attendance of this witness.

The other matter was brought to the attention of the committee by a judge of the Superior Court. The finding here was that one Mary Elizabeth Coyle, trustee under the

will of Mary Elizabeth Hanley, deceased, entrusted the respondent with the sum of $5,500 to be invested in a first mortgage loan. The committee found that Baker did not so invest this sum, but converted it to his own use and prepared and delivered to Mrs. Coyle a fictitious mortgage purported to cover property in Jersey City and executed by non-existent mortgagors. Subsequently the respondent obtained this mortgage from Mrs. Coyle and delivered to her his check for $5,500, which was dishonored for insufficient funds. Later he tendered another check which was duly paid.

The committee also found that on August 1, 1951 Mrs. Coyle again entrusted respondent with $5,000 for investment, which investment was not made. The respondent contends that he had returned this money to Mrs. Coyle but the committee found that this fact had not been established.

When the order to show cause issued on this complaint was heard by the court on November 7, 1955 respondent objected that he had not been given an opportunity to produce his evidence in full and complained that the testimony of Mrs. Coyle would support him and indicate that he had not been guilty of misconduct in the respects complained of. Accordingly the court directed the committee to permit Baker to offer further testimony at its hearing to be held November 18.

At that hearing Mrs. Coyle did not appear as a witness, and the explanation for her absence was that she was unable to come because of ill health. No evidence of her illness was produced other than the statement of the respondent.

The matter was set down for further hearing on February 6, 1956. The respondent did not appear in person or by counsel but submitted a brief in which he had the following to say "In conclusion I do not wish it to be understood by the Court that I am pleading innocence of any improprieties with respect to the matter under inquiry. All I say is that the culpability is not nearly as great as contended; that there are mitigating circumstances."

We are of the opinion that the findings of the committee are fully supported by the evidence and that the respondent, although given ample opportunity, has failed to establish any mitigating circumstances.

Three other formal complaints have been lodged with the committee and served upon the respondent. In one instance restitution was made after the complaint. In the other two no answers were filed within the time fixed by the rules, nor have answers been filed since.

The name of the respondent will be stricken from the roll of attorneys-at-law.

*For disbarment*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.